UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

ROBERT JOSEPH WAGONER,        )
                              )
            Plaintiff,        )
                              )   CAUSE NO. 3:17-CV-900 RLM
      vs.                     )
                              )
ELKHART COUNTY                )
CORRECTIONAL CENTER           )
MEDICAL DEPARTMENT, *et. al.*,)
                              )
            Defendants.       )

<u>OPINION AND ORDER</u>

Robert Joseph Wagoner, a prisoner representing himself, sues the Elkhart County Correctional Center's Medical Department and all its employees due to their practice of charging inmates for medical care. The court must review a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(a), (b). Federal Rule of Civil Procedure 12(b)(6) provides for the dismissal of a complaint, or any portion of a complaint, for failure to state a claim upon which relief may be granted. Courts apply the same standard under § 1915A as when addressing a motion under Rule 12(b)(6). <u>Lagerstrom v. Kingston</u>, 463 F.3d 621, 624 (7th Cir. 2006). To survive a motion to dismiss under Rule 12(b)(6), a complaint must state a claim for relief that is plausible on its face. <u>Bissessur v. Indiana Univ. Bd. of</u>

1

Trs., 581 F.3d 599, 602-603 (7th Cir. 2009). In deciding whether the complaint states a claim, the court must bear in mind that "[a] document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007). To state a claim under § 1983, a plaintiff must allege: "(1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." Savory v. Lyons, 469 F.3d 667, 670 (7th Cir. 2006).

Mr. Wagoner complains that he is charged a $15 co-pay for each medical appointment at the Elkhart County Correctional Center. Mr. Wagoner argues that he shouldn't be charged for medical care because he is incarcerated. Mr. Wagoner's complaint does not state a claim: the Constitution doesn't require free medical care. See City of Revere v. Mass. Gen. Hosp., 463 U.S. 239, 245 n.7 (1983); Poole v. Isaacs, 703 F.3d 1024, 1027 (7th Cir. 2012). Though it is usually necessary "to give pro se litigants one opportunity to amend after dismissing a complaint[,] that's unnecessary where, as here, it is certain from the face of the complaint that any amendment would be futile or otherwise unwarranted." Carpenter v. PNC Bank, Nat. Ass'n, No. 633 Fed. Appx. 346, 348 (7th Cir. Feb. 3, 2016) (quotation marks omitted). See Luevano v. Wal-Mart, 722 F.3d 1014 (7th Cir. 2013) and Hukic v. Aurora Loan Servs., 588 F.3d 420, 432 (7th Cir. 2009)

("[C]ourts have broad discretion to deny leave to amend where . . . the amendment would be futile.").

For these reasons, the court DISMISSES this case pursuant to 28 U.S.C. § 1915A because it doesn't state a claim upon which relief can be granted.

SO ORDERED.

ENTERED: December 4 , 2017

/s/ Robert L. Miller, Jr.
Judge,
United States District Court